## CIRCUIT COURT OF LOUDOUN COUNTY

Kenneth A. Lazarus et al.

v.

Charles B. Thomas et al.

April 28, 1994

Case No. (Law) 12746

By Judge James H. Chamblin

This case is before the Court on the Defendants' Motion for Sanctions (pursuant to Virginia Code § 8.01–271.1) and Attorney's Fees against the Plaintiff. For the reasons that follow, after consideration of the memoranda and the argument of counsel on March 29, 1994, the Motion is denied.

This is another case where a plaintiff as a result of an adverse evidentiary ruling during trial moved for a nonsuit as a matter of right under Virginia Code § 8.01–380 and is then faced with a sanctions motion from the defendant. However, the Motion herein also asks for sanctions because the Court sustained demurrers to the original and two amended motions for judgment as they attempted to allege actual fraud.

The Motion as it relates to the demurrers sustained by the Court is denied because I cannot find from the pleadings filed and the evidence presented by the Plaintiffs at trial that the original and two amended motions for judgment filed *pro se* by Mr. and Mrs. Lazarus are not well grounded in fact and warranted by existing law. I feel that this is simply a case where the plaintiffs after three opportunities failed to plead all the elements of actual fraud and facts to support each element. As a result, the defendants prevailed on the issue at the pleadings stage.

While I realize that Mr. Lazarus is a lawyer, there was no evidence of where he is admitted to practice. The plaintiffs merely did not understand why the first two demurrers were sustained on the fraud issue. Also, the allegedly fraudulent misrepresentations were not so

clearly matters of opinion as to raise the allegations of fraud to a level of not being well grounded in fact. The plaintiffs had the opportunity to at least argue that the statements were fraudulent.

After the pleadings in this case had all been filed and ruled upon, the plaintiffs obtained counsel for trial. Approximately a month before the trial (which commenced on February 28, 1994), plaintiff's counsel realized for the first time that the second amended motion for judgment failed to allege the proper measure of damages for breach of the subject real estate sales contract. Also, during a deposition of one of the defendants on January 11, 1994, he learned that the plaintiffs had no factual basis on which to pursue their largest damage claim as alleged in the second amended motion for judgment.

The plaintiffs were sellers in a real estate sales contract, and the defendants were the purchasers. The plaintiffs alleged that the defendants breached the contract by not settling thereunder. The proper measure of general damages is the difference between the contract price and the value of the property at the time of the breach. *Barr v. MacGlothin*, 176 Va. 474 (1940). Obviously, this damages rule would require expert testimony on value. The plaintiffs in January retained an expert appraiser. Counsel for the defendants became aware of the appraiser in January but did not receive his opinion until three days before trial. The appraiser was never disclosed by the plaintiffs to the defendant during discovery as an expert.

Aware that the second amended motion for judgment did not allege the proper measure of damages for breach of contract, counsel for the plaintiffs had to decide whether to proceed to trial with the hope of a favorable decision from the court in allowing the expert testimony of the appraiser. Plaintiffs' counsel had to have realized that the chances of the Court allowing the appraiser to testify on February 28, 1994, without giving the defendants time to depose him and/or secure their own appraiser were almost non-existent. Given the very distinct prospect of being unable to present evidence of the substantial portions of their damages, plaintiffs' counsel should have moved for a nonsuit immediately instead of proceeding toward trial with the very distinct likelihood of exactly what happened, i.e., the Court did not allow the appraiser to testify, and the plaintiffs moved for a nonsuit.

The defendants' counsel faced a similar quandary. If he raised the issue of the failure to properly plead damages before trial, then he faced the possibility of the Court allowing the plaintiffs to amend the

second amended motion for judgment. On the other hand, if he did nothing and objected to the expert appraiser's testimony at trial, then he should have realized that such an unfavorable ruling could lead to a nonsuit. Furthermore, a nonsuit is always a possibility. Like it or not, counsel for defendants always must face the unwanted and unappealing prospect of a plaintiff taking a nonsuit. Counsel for the defendant knew or should have known that his trial tactics could lead to a nonsuit.

In the final analysis, I am of the opinion that this is a case where the choice of trial tactics by counsel for the defendant created a situation where he knew or should have known that the Court would probably not allow the plaintiffs' expert appraiser to testify, and this would lead to a nonsuit motion. This could have been avoided by pretrial motions by the defendant seeking to limit the plaintiffs' evidence. Defendants' counsel chose not to do so but waited until trial to object. Under these circumstances, I do not feel that the plaintiffs should be sanctioned.

The defendants' argument seems to be that the original and two amended motions for judgment were not well grounded in fact or warranted by existing law as to all the claims set forth therein. I have addressed the fraud claim and the demurrers thereto above. As to the breach of contract claim, it has been addressed somewhat above, but, in the final analysis, I cannot find based upon what has been presented during all the proceedings in this case that the breach of contract claim is not well grounded in fact or warranted by existing law.

Let Mr. Bethune submit an order granting the motion for nonsuit and denying the Motion for Sanctions to which Mr. Moyes may note his exceptions.